No. 13,981.

INTERNATIONAL SERVICE UNION COMPANY *v.* ESPINOZA.

(67 P. [2d] 497)

Decided April 12, 1937.

Mr. JOHN E. FITZPATRICK, for plaintiff in error.

Mr. J. H. THOMAS, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the company, defendant in error as Mrs. Espinoza, her husband

300

as Espinoza, and their deceased daughter, Stella Espinoza, as Stella.

Espinoza had a contract with the company in which his wife was beneficiary. She claims that thereunder the company became indebted to her in the sum of $800 on the death of Stella. It refused to pay and this suit followed. Trial was to the court without a jury and Mrs. Espinoza had judgment. To review that judgment this writ is prosecuted.

The company is described as one not for profit. For all purposes of this review it may be regarded as an insurance company and the contract in question as a policy. The complaint set out application and contract, and alleged death and refusal to pay. A demurrer for want of facts was withdrawn but repeated in the answer which alleged that the contract covered only members of the Espinoza family and that Stella was not such. New matter was denied by replication. On the trial it was stipulated that the complaint stated a cause of action and the truth of its allegations were admitted.

██ Five errors are assigned. The first goes to the admission of certain testimony of Espinoza and is disposed of by the rule that, if improper, the court is presumed to have disregarded it. The second goes to the overruling of the demurrer and was expressly waived. The third and fourth we have repeatedly held bad. The fifth goes to the order dispensing with the motion for a new trial, from which no possible prejudice appears. No objection was made to the order and the assignment is not argued. Thus the writ can properly be, and perhaps should be, so disposed of. But since the merits are argued we elect to note them.

██ The contract in question was a family policy, giving the name and date of birth of each member insured. Of these Stella was one. It recites that it "includes all members of the immediate family named herein." It makes but two exceptions. Sons or daughters who marry are automatically excluded. If husband and wife separate the company reserves the right, "by send-

ing them written notice" to cancel as to any or all members. The parents did not separate, no attempt to cancel was made, and Stella did not marry. It was admitted that she had left home and entered upon a course of training or probation preparatory to becoming a Carmelite nun. Hence it is said that she was not a member of the family. Under a well established rule the policy must be construed most strongly against the company which wrote it. Sons and daughters who go from home and support themselves are not excluded unless they marry. If the parents separated, and two homes were established and the children divided, the contract continued in force as to all unless the company elected otherwise and gave due notice. We must assume that if the company intended to rely upon further exceptions they would be specified. In their absence we can not insert them. The company's contention is without merit.

The judgment is affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE HOLLAND concur.