HEMBEY *v.* POSTAL LIFE & CASUALTY COMPANY OF KANSAS CITY.

4-9463                                     238 S. W. 2d 647

Opinion delivered April 2, 1951.

Rehearing denied May 7, 1951.

*P. L. Smith,* for appellant.

*Tom Kidd,* for appellee.

HOLT, J. This is a suit on an accident insurance policy and from a decree in favor of the defendant, Insurance Company, (appellee here) is this appeal.

April 15, 1948, appellant procured from appellee a limited accident insurance policy, paying therefor the annual premium of $3.65. Provisions of the policy material here were:

"Does hereby insure Hosea O. Hembey (hereinafter called insured) against loss resulting directly and independently of all other causes, from bodily injuries sustained through external, violent and accidental means and under the conditions hereinafter set out in Parts One and Two, upon the terms and subject to all provisions and limitations herein contained, for a term of one year. * * *

"Part One. The Company will pay the benefits named in Parts Three and Four for loss resulting from bodily injuries sustained in the following manner. * * *

"Steamship-Motor Buses-Taxicabs. (4) As a result of an accident to any motor bus or public automobile stage plying for public hire in regular passenger service while the Insured is riding therein as a fare-paying passenger, or on a pass, in a place regularly provided for the sole use of passengers. * * *

"Exceptions in Policy. (A) No accidents except those described and set forth in Parts One and Two of this policy are covered, and no indemnities and benefits provided herein are payable except for loss or disability resulting directly and independently of all other causes from bodily injuries sustained through external, violent and accidental means and in the manner and under the conditions described in Parts One and Two of this Policy."

Appellant alleged in his complaint that on July 7, 1948, while he was a fare-paying passenger on a motorbus in regular passenger service from Idabel, Oklahoma, to Arkadelphia, Arkansas, he suffered accidental injuries at Okolona, Arkansas (within the coverage of the above policy). He sought recovery in accordance with its terms and also the statutory penalty and attorney's fees.

Appellee denied any liability. Appellant filed his complaint in equity, voluntarily invoking chancery aid, and by agreement the suit was tried in that court, (*Davis* v. *Harrell*, 101 Ark. 230, 142 S. W. 156).

The cause is here for trial *de novo,* and following our long established rule, we must affirm unless the findings of the trial court are against the preponderance of the evidence, (*England* v. *Scott*, 205 Ark. 47, 166 S. W. 2d 1014).

Appellant was the only witness who testified as to the manner, or how, he received his alleged injuries. His version was: "Q. Tell the court what happened, if anything did happen? A. As we came into this sub-stop at Okolona I asked the bus driver to stop at this place so I could go by my boarding house. As you go into Okolona it is downgrade for a good many yards. He was running pretty fast, and I asked him to stop there and he said he would. I told him to stop, so I rose up and he saw me in the mirror about the same time, and just then he slammed on the brakes and I was rising or standing up and it threw me across the aisle over a back of a seat and down between the seats to the floor. I had an injury to my back and I was partly unconscious for something like eighteen or twenty hours. * * * Q. Do you say that you stepped on

the shoe string and that caused you to fall? A. No, I will say the stopping of the bus caused me to fall. Q. There was no wrecking of the bus, was there? A. No, sir, it just stopped suddenly."

The policy here, as indicated, protects the insured against the result of bodily injuries received during the life of the policy and caused by external, violent and accidental means, by any accident to the bus in which he was riding at the time he was injured.

We hold that any injury that appellant may have received was not covered by the policy. Under its plain and unambiguous language, appellant could not recover for injuries unless "as a result of an accident to any motor bus," while he was a passenger. Certainly, the preponderance, if not all, of the testimony shows that there was no accident to, or wreck of, the bus. Appellant's injuries were caused solely, as he admits, "by the stopping of the bus, * * * it just stopped suddenly," and not as a result of any accident to the bus.

In so construing the policy, we do not lose sight of the rule that the contract was prepared by the insurer and all doubts, if any, as to its meaning must be resolved in favor of the insured.

The case of *Life & Casualty Insurance Company of Tennessee* v. *Barefield,* 187 Ark. 676, 61 S. W. 2d 698, relied upon by appellant, is clearly distinguishable. While the policy in that case contained provisions similar, in effect, to Part One (4) above, the stipulated facts were different. There, a passing car ran over a stick and "flipped the said stick in the direction of the car in which the plaintiff was riding, striking the said car at the front of the left-hand door. The stick was hurled into the car and struck the plaintiff in the right eye, causing said plaintiff to lose the total and irrecoverable sight of said right eye." We there held that there was an accident to the car within the meaning of the policy and recovery was upheld.

Here, as indicated, there is a total absence of any injury to the bus in which appellant was a passenger.

Finding no error, the judgment is affirmed.