INTERSTATE LIFE & ACCIDENT CO. *v.* MATTHEWS.

No. 39438 January 24, 1955 77 So. 2d 297

822

*Wells, Thomas & Wells,* Jackson, for appellant.

*Barnett, Jones & Montgomery*, Jackson, for appellee.

824

Lee, J.

Marie Matthews, as beneficiary in an insurance policy on the life of Sylvester Matthews, obtained a judgment in the Circuit Court of Hinds County against Interstate Life and Accident Company, the insurer, in the sum of $2,000. The Company appealed.

The insurance contract, sued on, was styled a "Limited Accident Policy — Read It Carefully." Premiums in the amount of 10c were payable weekly. Specific losses were insured against. The death benefit was $2,000. The policy was in full force and effect. The applicable part thereof is as follows: "the Company here insures, * * * the person named in said schedule against the result of bodily injuries sustained solely through external, violent and accidental means strictly in the manner hereinafter stated, and under the conditions and subject to all the provisions and limitations hereinafter contained, as follows: * * * or by the collision of or by any accident to any * * * private motor driven vehicle * * * in which Insured is riding * * * provided that in all cases referred to in this paragraph there shall be some external or visible evidence on said vehicle of the collision or accident * * *."

The proof showed that Sylvester Matthews, on August 13, 1953, was working in the employ of Maloney Building and Supply Company in the City of Jackson. He and Willie Williams, another employee, loaded some building materials on a one and one-half ton truck preparatory to making a delivery. In this load was a stack of ⅜-inch plywood, 4 x 8 feet in size, which extended about even with the top of the body frame. The truck had overload springs and would bounce more with a light than a heavy load.

These men, in the truck, proceeded from the company's office south on Mill Street, with Williams driving and Matthews riding in the back. Near Foreman's Cafe, this street is crossed by railroad spur tracks. Shortly after the truck had passed over the railroad tracks, an eyewitness noticed that a "piece of plywood flew up. The front end went in the air first, and went over backwards, and this man (Matthews) rolled right over back of the truck. He was standing pretty close to the back of the truck * * * the plywood flew off kind of behind him; he was trying to grab something * * * in a way it did (hit him)." Matthews fell off or was carried off about 150 feet south of the spur tracks. His head hit the pavement behind the truck, and, as a result, he died shortly thereafter.

Although the crossing was said to be smooth, three photographs, which were introduced in evidence, showed a slight depression at that point.

There was no proof of any "external or visible evidence on said vehicle" of an accident. Evidently the jar from passing over the railroad tracks was enough to upset the load to the extent that a piece of plywood was displaced; and Matthews, in an effort to dodge or retrieve the plywood, or otherwise, lost his balance and fell, or was thrown, headlong upon the pavement.

Clearly this policy afforded protection only in case the accident was violent enough to leave external or

visible evidence on the truck. It did not protect against ordinary jars or bumps, which left no external or visible evidence on the truck.

No Mississippi case, dealing with the question here involved, has been cited. Other courts, however, have passed on the identical question. Inman v. Life & Casualty Insurance Company, 45 S. W. 2d, 1073, a Tennessee case; Hunt v. Life & Casualty Company of Tennessee, 305 Ky. 463, 204 S. W. 2d 588; Hembey v. Postal Life & Casualty Company, 238 S. W. 2d 647, an Arkansas case. In the Inman case, supra, the insured was killed when his head struck an iron girder, as the truck, on which he was riding, passed through a railroad underpass. Recovery was denied because there was no accident to the truck. In the Hunt case, supra, one of the reasons for the denial of liability was that there was no external or visible injury to the vehicle in which the claimant was riding. In the Hembey case, it was held that "accident to any bus" while a passenger did not cover the sudden stopping of the bus — such stopping was not an accident.

Liability was upheld in the following cases: Life & Casualty Company of Tennessee v. Roland, 165 S. E. 293, a Georgia case; State, ex rel Tobin v. Independent Life Insurance Company of America, 92 S. W. 2d 407, a Tennessee case; Life & Casualty Insurance Company of Tennessee v. Yarbrough, 186 S. E. 434, a Georgia case. In the Roland case, supra, because the tires of the vehicle were burned black from skidding, there was external or visible evidence on the vehicle of the collision or accident. In the Tobin case, supra, the body of the six-year old girl made an indentation and thus left visible marks on the car. In the Yarbrough case, supra, one of the shock absorbers of the automobile was broken.

In Life & Casualty Insurance Company of Tennessee v. Barefield, 61 S. W. 2d 698, an Arkansas case, a recovery was upheld. In that case, one of two cars, in

passing, ran over a stick and flipped it against and into the other car, in which the plaintiff was riding. As the result, the plaintiff lost an eye. A possible distinction is that the cause of the accident did not originate in or on account of the vehicle in which the plaintiff was riding. The accidental means came from without. The stick flipped through the open window, and, for that reason alone, left no visible evidence on the vehicle.

 The contract here is plain and unambiguous. It cannot be rewritten by this Court. Freedom to enter into lawful contracts must not be impaired.

Since the proof failed to show any external or visible evidence on the truck, it follows that the appellant's requested peremptory should have been sustained.

The judgment appealed from is therefore reversed, and a judgment will be entered here for the appellant.

Reversed and judgment for appellant.

*Roberds, P. J.*, and *Hall, Kyle* and *Holmes, JJ.*, concur.