Cox *v.* Peerless Life Insurance Company

No. 42027 December 4, 1961 135 So. 2d 411

*Ben M. Caldwell,* Marks, for appellant.

326

*Brewer, Brewer & Luckett,* Clarksdale, for appellee.

ARRINGTON, J.

The appellant filed suit in the Circuit Court of Quitman County alleging, in part, that while traveling on a bus from Lake Charles, Louisiana, to her home near Clarksdale, Mississippi, and while changing from one of the Continental busses at Kinder, Louisiana, she was hit by a passenger and knocked onto the floor of said bus, and that she received serious injuries which necessitated hospital treatment.

The insurance company filed a demurrer based on the ground that the declaration did not state a cause of action. This demurrer was sustained by the circuit court and appellant appeals.

There was a stipulation by the parties to the effect that the accident occurred when the bus was stopped at its station at Kinder, Louisiana, for the purpose of loading passengers, and no contention was made that the plaintiff was not riding upon the said bus within the terms of said policy.

The applicable provisions of the policy are as follows:

"AUTOMOBILE OWNER'S FAMILY ACCIDENT AND HOSPITAL POLICY.

"This policy provides indemnity for loss of life or time and hospitalization from accidental bodily injury, as the results of accidents while driving or riding within any automobile, truck or bus, as herein limited and provided, and is non-cancellable and guaranteed renewable to the age of 80 years.

"Part One. THE INSURING CLAUSE.

"This policy insures against loss, as herein limited and provided, from accidental bodily injury sustained while driving or riding within any automobile, truck or bus for business or pleasure during the term of this policy, provided such bodily injuries are caused solely by reason of an automobile, truck or bus accident."

The appellant contends that the court erred in sustaining the demurrer; that the appellant was in a bus accident under the provisions of the policy and was entitled to recover. The appellee contends, in effect, that her injuries were not covered by the policy in that she was not injured as the result of an accident to the bus. Thus the sole question presented on this appeal is whether the appellant's injuries were caused solely by reason of a bus accident under the terms and provisions of the policy.

■■ We are of the opinion that the language of the insuring clause above quoted is ambiguous and doubtful, and under the general rules of construction the policy should be construed liberally in favor of the insured and strictly against the insurer.

In the case of Interstate Life and Accident Co. v. Waters, 213 Miss. 265, 56 So. 2d 493, the Court said:

"In 44 C.J.S., Insurance, Sec. 296, page 1163, the rule relating to the construction of insurance contracts is stated as follows: 'A contract of insurance should be given a fair and reasonable construction and, likewise, should be given a sensible construction, consonant with the apparent object and plain intention of the parties; a construction such as would be given the contract by an ordinary intelligent business man; and a practical and reasonable rather than a literal interpretation. The contract should not be given a strained, forced, unnatural, or unreasonable construction, or a construction which would extend or restrict the policy beyond what is fairly within its terms, or which would lead to an absurd conclusion, or render the policy nonsensical and ineffective.'

"Our own Court in the case of Southern Home Insurance Co. v. Wall, 156 Miss. 865, 127 So. 298, 299, said: 'In construing the provisions of a contract of insurance, all the provisions of the policy must be so construed, if it can be reasonably done, so as to give effect

to each. Where the policy is subject to two interpretations, equally reasonable, that which gives the greater indemnity to the insured will prevail. If one construction, looking to the other provisions of the policy, and to its general object and scope, would lead to an unreasonable result, such construction must be abandoned, and that construction adopted which will be more consistent with reason. In all cases the policy must be liberally construed in favor of the insured, in order to accomplish the purpose of the insurance.' "

In Great American Insurance Company v. Bass, et al. 208 Miss. 436, 44 So. 2d 532, the Court said: "If the language of the policy be ambiguous or doubtful a reasonable construction in favor of the insured is indicated. Moreover, the policy must be construed in the light of its purpose and the hazards against which it was designed to protect. Fleming v. Travelers Ins. Co., 206 Miss. 284, 39 So. 2d 885."

The appellee cites the case of Hemby v. Postal Life and Casualty Company, 218 Ark. 702, 238 S. W. 2d 647. In this case the provisions of the insurance policy provided, in part, as follows: ". . . . as a result of an accident to any motor bus or public automobile stage plying for public hire in regular passenger service while the insured is riding therein as a fare paying passenger, or on a pass, in a place regularly provided for the sole use of passengers . . . ." The Court there said:

"We hold that any injury that appellant may have received was not covered by the policy. Under its plain and unambiguous language, appellant could not recover for injuries unless 'as a result of an accident to any motor bus,' while he was a passenger. Certainly, the preponderance, if not all of the testimony, shows that there was no accident to, or wreck of, the bus. Appellant's injuries were caused solely, as he admits, 'by the stopping of the bus, . . . it just stopped suddenly,' and not as a result of any accident to the bus".

The appellee also cites the case of Interstate Life and Accident Co. v. Matthews, 222 Miss. 821, 77 So. 2d 297. In this case the applicable part of the policy is as follows: ". . . the Company here insures . . . the person named in said schedule against the result of bodily injuries sustained solely through external, violent and accidental means strictly in the manner hereinafter stated, and under the conditions and subject to all the provisions and limitations hereinafter contained, as follows: . . . . or by the collision of or by any accident to any . . . . private motor driven vehicle . . . in which Insured is riding . . . provided that in all cases referred to in this paragraph there shall be some external or visible evidence on said vehicle of the collision or accident. ."

It was held there could be no recovery under the policy for there was no evidence on the truck of a collision or accident.

The above cases do not control here for the simple reason that the policy in the instant case does not contain the limitations or provisions enumerated above. Life and Casualty Insurance Co. v. Greenlee, 187 Miss. 143, 192 So. 340.

In Standard Life and Accident Insurance Co. v. Hardee, 330 S. W. 2d 544 (Tex. Civ. App. 1959), the provisions of the insurance policy were identical with those of appellee's policy in the instant case. The insured was killed while standing on the bed of the truck, when a pole temporarily attached with chains to its wheels struck him. It was contended that the term "truck accident" meant only a casualty to the truck itself. In response, the Court said: "Such a restricted meaning has no warrant in common understanding. No attempt will be made to state a definition that is all-inclusive and would cover every possible contingency in which a truck may be related to an accident. But undoubtedly within the common understanding of a truck accident is the

usual, undesigned, unexpected occurrence of a device temporarily attached to facilitate a truck's movement inflicting damage on being whipped about in the course of the operation of the truck. . . . .

"It would be entirely too narrow to hold as appellant seems to contend that the policy coverage is limited to persons inside the truck cab when the truck is in motion and accidentally injured in connection with accidental injury to the truck."

 ██ In the instant case, appellant was riding in a bus, and, while changing, was hit by a passenger and knocked to the floor of the bus. We do not think that the term "bus accident" in the policy should be restricted to a casualty to the bus itself. Certainly this does not accord with common understanding of that phrase. We think that within the meaning of the phrase "bus accident" is the unusual, undesigned, and unexpected occurrence of insured's fellow passenger accidentally colliding with insured in the bus and causing injuries. Appellee's suggested interpretation would be a very narrow construction of the policy, and would not accord, we think, with the usual and common understanding of the phrase "bus accident."

The demurrer to the declaration should have been overruled.

Reversed and remanded.

*Lee, P. J.,* and *Ethridge, McElroy* and *Rodgers, JJ.,* concur.