No. 19,805.

BELVIE WILSON *v.* AUTOMOBILE OWNERS ASSOCIATION
INSURANCE COMPANY.
(366 P. [2d] 654)

Decided December 11, 1961

Mr. D. E. JOHNSON, for plaintiff in error.

Messrs. PHELPS, FONDA & HAYS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

WE will refer to the plaintiff in error, who was plaintiff below, as "Wilson" and to defendant in error as the "insurer."

The sole material question for decision presented is whether an automobile accident occurred within the terms of a certain insurance policy when a passenger was violently thrown to the floor and injured upon an unexpected, sudden, emergency stopping of the vehicle. It was so alleged by Wilson in her action in the trial court and denied by the insurer.

The undisputed evidence is that on August 15, 1959, Wilson was riding as a passenger in an automobile with her husband driving when she suffered what are alleged to be severe back and other injuries. Their testimony revealed that Mr. Wilson was approaching a railroad crossing in the Town of Manzanola, Colorado; slowed down because it was rough on the tracks; and just at that moment a tractor hauling a load of hay on a rig, which was approaching the crossing from the opposite direction, suddenly made a right turn to leave the main highway next to the railroad tracks. This caused the rear of the hay rack to project over into Mr. Wilson's lane and necessitated his quickly applying his brakes on the rough crossing to avoid a collision with the hay rack. Mr. Wilson's action caused his passenger wife to be thrown to the car floor with the injuries above complained of.

Wilson brought suit on two policies; however, at the time of trial the insurer admitted liability on one of them but denied it as to its policy No. CC 130397 entitled "AUTOMOBILE OWNER'S ACCIDENT and HOSPITAL POLICY" which provided for certain benefits including $150.00 per month for "Accident Benefits * * * ." The pertinent part of this policy reads:

"Part One

"Against loss from accidental bodily injury sustained while driving or riding within any automobile, truck or bus for business or pleasure during the term of this

policy, provided such bodily injuries are caused solely by reason of an automobile, truck or bus accident."

The policy also has lettering across its face which proclaims that "THIS IS A LIMITED POLICY READ CAREFULLY."

The matter was tried to a jury on February 14, 1961, and following the close of Wilson's case the trial court granted insurer's motion for a directed verdict, the learned judge being of the belief that though the evidence was undisputed, nevertheless since the Wilson vehicle had not collided with or struck anything, no accident had occurred as to Wilson herself under the policy terms. In reaching this conclusion we think the trial court erred, particularly in applying *Hembey v. Postal Life & Casualty Co. of Kansas City*, 218 Ark. 702, 238 S.W. (2d) 647, (1951), to the facts present here. Suffice it to say that in *Hembey* a passenger who was thrown to the floor and injured by a sudden stopping of a bus was denied recovery where the policy involved required *an accident to the bus in which* he was riding.

As it is plain that in the policy in the *Hembey* case the accident must have been "to the bus," here it is plain that the term "automobile accident" itself is so broad as to encompass an accident *in* an automobile as well as an accident *to* an automobile.

We note that nowhere in the policy is the term "automobile accident" defined, Wilson could read and reread her policy and nowhere discover that as a limited policy holder she could not recover under the facts presented.

Wilson's injuries while riding within the automobile having occurred without fault or neglect on her part, her injuries are within the terms of this accident policy. See 45 C.J.S. Insurance §753 and 29 Am. Jur. Insurance §1164.

It is too well settled to warrant lengthy citations of authority that insurance policies are to be construed most strongly against those who write them, i.e., the in-

surance companies. For example see *Int. Service Union Co. v. Espinoza,* 100 Colo. 299, 67 P. (2d) 497 (1937).

Automobile accidents can happen in thousands of different ways. If this insurer had desired to limit its coverage to the types of accidents where an actual collision or upset occurred it could easily have done so. Not choosing so to do before this unfortunate episode it cannot as a matter of law now so limit its liability.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Mr. Chief Justice Hall and Mr. Justice Day concur.