WEST AMERICAN INSURANCE
COMPANY, Plaintiff,

v.

Richard Gus MAESTAS, Richard Castro
and Mary A. Garcia, Defendants.

Civ. A. No. 84–K–1584.

United States District Court,
D. Colorado.

April 21, 1986.

Barbara L. Green, Edward H. Widmann, Hall & Evans, Denver, Colo., for plaintiff.

Arthur S. Nieto, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Jurisdiction of this action is based upon diversity of citizenship, 28 U.S.C. § 1332. Plaintiff, West American Insurance Company, seeks a declaratory judgment under 28 U.S.C. § 2201. The seemingly simple issue is whether the issuer of a homeowner's insurance policy is obligated to defend and pay for damages in a state civil action ensuing from its policy holder's having bitten off the nose and ears of the plaintiff. The equally simple answer is "no."

The facts are worth noting. Maestas and Castro were occasional drinking buddies who were acquainted through work and softball team activities. On the night of December 5, 1982, they were drinking and socializing in a bar. The evening's events did not remain subdued and tranquil, however. Epithets were exchanged and fisticuffs ensued. Maestas and Castro were asked to leave the bar premises. Round two took place in the parking lot. Though each claimed the other was the initial aggressor, Maestas lost; his nose and ears were bitten off.

Before this brawl Castro had hopes of becoming a policeman, but he entered the court system through the other door, so to speak. He was convicted of criminal assault in the second degree and sentenced to four years imprisonment.

On May 3, 1984, Maestas filed a civil complaint against Castro in the state district court (CV No. 5456). The complaint sought damages from Castro due to negligence! One is puzzled by the allegation since at least three bites were required to achieve the damage inflicted. Arguably such activity could be described as gross negligence, but I think the third bite pretty clearly elevates the activity to an intentional tort, however mindless it might seem.

The complaint also alleged a fraudulent conveyance between Castro and Mary Garcia, designed to protect Castro's house from any judgment arising from the assault. Castro responded with a Motion to Dismiss the state action claiming that the one year statute of limitations for intentional torts barred the claim. The wheels of justice turn slowly in that state court case. Even after oral argument there, the motion is still pending.

West American Insurance Company is the issuer of a homeowner's policy to Castro which protects the homeowner from lawsuits based on the negligent conduct of the policy holder. Thus, *mirabile dictu*, we now see why Maestas ascribes the loss of his nose and ears to Castro's failure to

exercise the care that a reasonably prudent person would under similar circumstances. Of course, it cannot be gainsaid that a reasonably prudent person would eschew similar circumstances. Thus, the law's time-honored test of reasonable prudence is inapplicable to the facts presented. After the fashion of William of Occam preference should be given to a test of known quantities: three bites do not a negligence case make.

It is interesting to note that neither Castro nor Mary Garcia have appeared to defend in this case. Castro, of course, is otherwise engaged. We may only assume that Garcia wants to be alone. Maestas sues here on the theory that he is subrogated to the rights of Castro under the policy. Most prominently, Coverage E of the said policy excludes coverage for conduct "which is expected or intended by the insured." From the noncoverage conditions of the policy, it is clear that no liability flows from West American to Maestas.

It is THEREFORE ORDERED that plaintiff's motion for declaratory judgment is granted.