The GERRITY COMPANY, INC., a California corporation, and Robert W. Gerrity, Plaintiffs–Appellants,

v.

CIGNA PROPERTY & CASUALTY INSURANCE COMPANY, f/k/a Insurance Company of North America, a Connecticut corporation, Defendant–Appellee.

No. 92CA1637.

Colorado Court of Appeals, Div. IV.

Aug. 26, 1993.

Rehearing Denied Sept. 23, 1993.

Douglas S. Waggaman, San Diego, CA, for plaintiffs-appellants.

Greengard Senter Goldfarb & Rice, Mark C. Overturf, Peter H. Doherty, Denver, for defendant-appellee.

Opinion by Judge PLANK.

Plaintiffs, The Gerrity Company and Robert Gerrity, appeal from the summary judgment entered against them and in favor of the defendant, CIGNA Property & Casualty Insurance Company (CIGNA). We affirm.

John and Barbara Selby originally owned John R. Selby, Inc. (Selby), a construction company. Selby had various contracts with the federal government to build, among other things, barracks on military bases. In order to obtain performance bonds required by the government, the Selbys executed personal guaranties to various surety companies on their federal government contracts.

In 1986, Enfield Development Corporation (Enfield) purchased Selby through a stock buyout. Robert Gerrity is an officer of Enfield. Although The Gerrity Company has no ownership interest in Enfield, both Gerrity and The Gerrity Company executed a continuing guaranty to the Selbys for the performance of Enfield.

In 1987, Enfield, acting as prime contractor, walked off the sites of ongoing construction projects because of disagreements with the government. As a result, the government collected monies for the completion of the projects from the surety companies, who in turn sued the Selbys on their guarantees. The Selbys then brought suit against The Gerrity Company, Robert Gerrity, and other principals in Enfield.

The Gerritys forwarded a copy of the Selby complaint to CIGNA, The Gerrity Company's general liability insurer. CIGNA denied any duty to provide a defense, and the Gerritys instituted this action against CIGNA for breach of insurance contract and breach of the implied covenant of good faith.

## I.

Plaintiffs contend that it was error for the trial court to grant summary judgment in favor of CIGNA because the Selby complaint alleged damages in negligence which triggered CIGNA's duty to defend under the policy. We perceive no error.

The duty to defend is broader than the duty to indemnify. An insurer has a duty to defend whenever the underlying complaint against the insured alleges any facts that might fall within the coverage of the policy. *Hecla Mining Co. v. New Hampshire Insurance Co.*, 811 P.2d 1083 (Colo.1991).

It is, however, the factual allegations in the complaint, and not the legal claims, that determine an insurer's duty. *See West American Insurance Co. v. Maestas*, 631 F.Supp. 1565 (D.Colo.1986) (victim claimed that the tortfeasor was negligent because he bit him three times, and in order for the injury to be covered under tortfeasor's insurance policy that excluded intentional acts, it was held that, "three bites do not a negligence case make"); *see also Hecla Mining Co. v. New Hampshire Insurance Co., supra; Sims v. Sperry*, 835 P.2d 565 (Colo.App.1992); *Wheeler v. Reese*, 835 P.2d 572 (Colo.App.1992); *Commercial Union Insurance Co. v. Basic American Medical, Inc.*, 703 F.Supp. 629 (E.D.Mich.1989); *Feed Store, Inc. v. Reli-*

*ance Insurance Co.,* 774 S.W.2d 73 (Tex. App.1989).

Plaintiffs also assert that the Selby complaint alleged damages sounding in both contract and tort. A review of the complaint, however, reflects that all the damages claimed as a result of negligence actually stem from plaintiffs' breach of contract to the Selbys.

The Selby complaint asserted eight causes of action, seven of which are irrelevant to this suit. The remaining cause of action was for negligence. Specifically, the Selby complaint stated that plaintiffs and others had breached their duty of due care by mismanaging the business because they "negligently failed to pay [subcontractors] in a timely fashion and in compliance with construction industry standards"; "failed to employ qualified supervisors"; "negligently settled ... [claims] with the Federal Government"; "negligently negotiated change orders"; "did not maintain adequate records"; and "negligently abandoned the Unfinished Projects." As damages, the Selby complaint alleged that they suffered, "property damage to the buildings which comprise the Unfinished Projects which Mr. and Mrs. Selby have been asked to pay the costs of correcting"; "a delay in the use of the buildings which comprise the Unfinished Projects and Mr. and Mrs. Selby have been asked to pay the cost incurred as a result of the lost use"; and that "[the Selbys] have suffered emotional distress."

The Gerrity Company is insured by a general liability policy issued by CIGNA providing coverage for bodily injury and property damage arising out of "an occurrence." However, the policy excludes coverage for contractual liability: "This insurance does not apply: (a) To liability by the insured under any contract or agreement except in incidental contracts." There is no allegation that any contractual liability arose from an incidental contract.

We hold that all the allegations of negligence, if proven, would amount to nothing more than a breach of contract; they do not, and cannot, allege a separate tort claim. As such, the policy exclusion applies, and CIGNA properly denied a defense.

Here, the Selby complaint alleged:

23. As a pre-condition of the sale of JRS, Mr. Selby insisted that the principals of THE ENFIELD COMPANY, THE ENFIELD DEVELOPMENT COMPANY and the GERRITY COMPANY personally and unconditionally guarantee the performance of THE ENFIELD CORPORATION. Accordingly, a guarantee agreement was prepared and executed by Mr. and Mrs. Foley, Mr. and Mrs. William Gerrity, Robert Gerrity and the Gerrity Company (referred to collectively as "the Guarantors") on or about June 12, 1986....

24. Under the terms of the guarantee, the Guarantors unconditionally and absolutely guaranteed prompt payment and performance of each and every indebtedness and obligation to Mr. and Mrs. Selby under the Stock Purchase Agreement.

Thus, all the allegations in the Selby complaint arose out of Enfield's action in breaching its contracts with the federal government and in breaching the Selby–Enfield guarantee agreement. As such, CIGNA had no duty to defend Gerrity or The Gerrity Company in the Selby action. *See Health Care & Retirement Corp. v. St. Paul Fire & Marine Insurance Co.,* 621 F.Supp. 155 (S.D.W.Va.1985); *Magic Valley Potato Shippers v. Continental Insurance,* 112 Idaho 1073, 739 P.2d 372 (1987); *Palouse Seed Co. v. Aetna Insurance Co.,* 40 Wash.App. 119, 697 P.2d 593 (1985).

Hence, we agree with the trial court that there are no factual allegations in the Selby complaint which triggered a duty of CIGNA to provide a defense to the plaintiffs.

## II.

CIGNA also contends that the policy does not cover business pursuits outside of The Gerrity Company's oil and gas business and that the Selby complaint failed to allege facts indicating either "an occurrence" or "property damage" triggering

coverage under the policy. In light of our holding in Part I, we do not address these contentions.

### III.

Plaintiffs also claim that CIGNA had a duty to investigate the allegations in the Selby complaint before denying a defense. We disagree.

 The obligation to defend "arises from the allegations in the complaint." *Hecla Mining Co. v. New Hampshire Insurance Co., supra,* 811 P.2d at 1089. We decline to extend this obligation to include a duty to investigate.

The judgment is affirmed.

CRISWELL and RULAND, JJ., concur.