**BANGERT BROTHERS
CONSTRUCTION CO.,
INC., Plaintiff,**

v.

**AMERICAS INSURANCE COMPANY
and Allendale Mutual Insurance
Company, Defendants.**

**Civ. A. No. 93–Z–1937.**

United States District Court,
D. Colorado.

June 21, 1995.

Nunc Pro Tunc July 29, 1994.

William J. Bourke, III, Jack D. Henderson, Clanahan, Tanner, Downing & Knowlton, P.C., Denver, CO, Kyle E. Hart, M.T. Fabyanske, Carrie A. Green, Dwight G. Rabuse, Fabyanske, Svoboda, Westra, Davis & Hart, P.A., Minneapolis, MN, for Bangert Bros Const. Co., Inc.

John D. Phillips, Jr., Hall & Evans, Denver, CO, Danny G. Shaw, Gerardo R. Barrios,

Phelps Dunbar, New Orleans, LA, for Americas Ins. Co.

Stephen D. Gurr, Brownstein, Hyatt, Farber & Strickland, P.C., James A. Clark, Baker & Hostetler, Denver, CO, John D. Shuff, Lynn J. Grano, Andrew G. Dulaney, Robins, Kaplan, Miller & Ciresi, San Francisco, CA, for Allendale Mut. Ins. Co.

## ORDER GRANTING SUMMARY JUDGMENT

WEINSHIENK, District Judge.

This matter is before the Court on remand from the United States Court of Appeals for the Tenth Circuit, *Bangert Bros. Construction Co. v. Americas Insurance Co.,* No. 94–1412, (10th Cir. May 1, 1995) (order of remand for written opinion), in order for this Court to explain more fully the decision to grant summary judgment in favor of defendants.

Plaintiff entered a contract with the City and County of Denver to construct runways at Denver International Airport. Plaintiff subcontracted with CSI Trucking, Inc., to supply the concrete needed for the runways, and CSI subcontracted with Kiewit Western to manufacture the concrete. Specifications in the contract with the City of Denver required the sand hopper of the concrete mixing machine to be covered by a "scalper screen" to prevent clay balls and other foreign objects from mixing with the concrete. Kiewit failed to provide the required screen, allowing clay balls to be incorporated into the concrete. In addition, the cement mixture used reacted unfavorably with other concrete ingredients. As a result, the runways cracked and developed lumps from the clay balls.

As a direct consequence of these problems, the City of Denver refused to compensate plaintiff until the work met contract specifications. In this action, plaintiff seeks reimbursement from defendants for all sums it has or may become legally obligated to pay as a result of the defective work. Plaintiff also seeks an order requiring defendants to defend plaintiff against any claims filed by the City of Denver.

Defendant Americas Insurance Company filed a Motion For Judgment on the Pleadings which the Court treated as a motion for summary judgment. Defendant Allendale Mutual Insurance Company also filed a motion for summary judgment. A hearing on these two motions was held on July 26, 1994, at which time summary judgment was granted in favor of both defendants in a ruling from the bench. This memorandum opinion is being issued in support of that ruling at the request of the Court of Appeals for the Tenth Circuit.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Ash Creek Mining Co. v. Lujan,* 934 F.2d 240, 242 (10th Cir.1991). The relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a fact finder or whether it is so one-sided that one party must prevail as a matter of law. *Anthony v. United States,* 987 F.2d 670, 674 (10th Cir. 1993); *Merrick v. Northern Natural Gas, Co.,* 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Dayco Prods., Inc.,* 758 F.Supp. 630, 631 (D.Colo.1990).

In reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Eaton v. Jarvis Prod. Corp.,* 965 F.2d 922, 925 (10th Cir.1992); *Newport Steel Corp. v. Thompson,* 757 F.Supp. 1152, 1155 (D.Colo.1990). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.,* 933 F.2d 891, 892 (10th Cir.1991); *Mountain Fuel Supply v. Reliance Ins. Co.,* 933 F.2d 882, 889 (10th Cir.1991).

As a preliminary matter, the Court rules that plaintiff was the contractually obligated party in this case. The fact that plaintiff chose to use a subcontractor rather than do the runway work itself did not relieve

plaintiff of any obligations under the contract.

■ This case centers on Colorado insurance law. Each company offered third-party general liability insurance to plaintiff, which provides coverage to persons or other property from damage resulting from defective contract work. These policies were not intended to serve as performance bonds or builder's risk policies. *See A.D. Irwin Investments, Inc. v. Great American Ins. Co.,* 28 Colo.App. 570, 475 P.2d 633, 635 (1970) (insurance company, by contracting for liability insurance, did not "become a guarantor of perfect performance"). The Court must determine whether the policy provisions excluded defendants from covering plaintiff's faulty workmanship in constructing the runways.

■ The basic premise of Colorado insurance law was summarized in *Houtz v. Union Ins. Co.,* 865 P.2d 847, 849 (Colo.App. 1993), *rev'd on other grounds, Union Ins. Co. v. Houtz,* 883 P.2d 1057 (Colo.1994):

An insurance policy is a contract, to be interpreted to carry out the intent of parties, and the language of the policy must be read as a whole. *Urtado v. Allstate Insurance Co.,* 187 Colo. 24, 528 P.2d 222 (1974). Like any other contract, the words and phrases in an insurance policy are to be given their plain, everyday meaning. *In re Estate of Daigle,* 634 P.2d 71 (Colo. 1981). Obscure definitions and forced construction should be avoided. *Allstate Insurance Co. v. Starke,* 797 P.2d 14 (Colo. 1990).

The central issue in this case is whether the exclusions incorporated into the Americas and Allendale insurance contracts exempt these insurance carriers from covering plaintiff's defective work. It is settled law that ambiguities in insurance contracts should be construed against the insurer. *Republic Ins. Co. v. Jernigan,* 753 P.2d 229, 232 (Colo. 1988). To benefit from an exclusionary provision in a particular contract of insurance, the insurer must establish that the exemption applies in the particular case. *Am. Family Mut. Ins. Co. v. Johnson,* 816 P.2d 952, 953 (Colo.1991). "A mere disagreement between the parties regarding the interpretation of the policy does not create an ambiguity." *Union Ins. Co. v. Houtz,* 883 P.2d at 1061. When a dispute has arisen between an insurer and its insured, the standard for determining coverage is not what an expert in interpreting policies or clauses would consider their meaning to be, but rather what an ordinary person would reasonably consider the boundaries of coverage to be. *Standard Marine Ins. Co. v. Peck,* 140 Colo. 56, 342 P.2d 661, 663 (Colo.1959).

■ Each policy was issued subject to specific exclusions spelled out in the insurance contract. The Americas policy specifically excludes faulty workmanship and defective performance. *See* Exclusions E, G, and I.[1] Allendale's policy excludes faulty workmanship as well as contamination and cracking. *See* Group B Exclusions 3, 4, 6 and 7.[2] The

1. The relevant exclusionary language in the Americas policy reads:
THIS POLICY DOES NOT APPLY:

. . . . .
E. to the cost of repairing or replacing any defective goods or products manufactured, constructed, altered, repaired, serviced, treated, sold, supplied or distributed by the Insured or any defective part or parts thereof.

. . . . .
G. to the cost of making good any faulty workmanship for which the Insured, his employees, contractors or sub-contractors may be liable, but this exclusion shall not apply to bodily injury or property damage arising out of such faulty workmanship.

. . . . .
I. to bodily injury or property damage arising out of improper or inadequate performance, design or specification but this exclusion shall

be deemed not to apply to bodily injury or property damage insured hereby resulting therefrom.
Americas Insurance Policy, Policy Provisions—Part 2, at pages 3-4.

2. The exclusionary language set forth in the Allendale policy reads:
GROUP B—This Policy does not insure against:

. . . . .
3. faulty workmanship, material, construction or design from any cause, unless physical damage not excluded by this Policy results, in which event, this Policy will cover only such resulting damage;
4. loss attributable to manufacturing or processing operations which result in damage to stock or materials while such stock or materials are being processed, manufactured, tested

language in each of these exclusions is plain, clear, and unambiguous. In addition, these types of exclusions have been upheld as valid by the Colorado Courts. *See Union Ins. Co. v. Kjeldgaard,* 820 P.2d 1183, 1187 (Colo.App. 1991) and *Ohio Cas. Ins. v. Imperial Contractors,* 765 P.2d 1060, 1061–62 (Colo.App. 1988).

The complaint in this case asserts plaintiff's defective work product and performance as the only basis for coverage; it does not allege any action brought by a third party for damage to other property arising from the work performed, nor does it seek recovery for damage to property owned by third parties. Since all of the damaged runways were either cracked or contained clay inclusions resulting from plaintiff's defective workmanship, the damage is excluded by the clear wording of these two policies. *See Tzung v. State Farm Fire & Cas. Ins. Co.,* 873 F.2d 1338, 1341 (9th Cir.1989) ("[A]n unrestrained interpretation of the exclusion for 'faulty workmanship' includes losses caused by defects in the design and construction of a building."). "If the policy is not ambiguous, it is to be applied according to the plain and ordinary meaning of the terms." *Regional Bank of Colo. v. St. Paul Fire & Marine,* 35 F.3d 494, 497 (10th Cir. 1994). The cost of making good on the faulty work is not contemplated nor covered by the policies. *See Allianz Ins. Co. v. Impero,* 654 F.Supp. 16, 18 (E.D.Wash.1986) (contractor not allowed to recover under all-risk policy for cost of making good faulty concrete work). For the Court to conclude otherwise, ignoring the nature of the policies and exclusions in order to allow coverage, would be to turn these policies into something they are not: performance bonds or guarantees of contractual work. *See Hartford Acc. & Indem. v. Pacific Mut. Life Ins.,* 861 F.2d 250, 253 (10th Cir.1988); *Gerrity Co. v. CIGNA*

*Property & Cas. Ins.,* 860 P.2d 606, 609 (Colo.App.1993). Therefore, summary judgment in favor of both defendants is appropriate. Accordingly, it is

ORDERED that defendant Americas Insurance Company's Motion For Judgment On The Pleadings, treated as motion for summary judgment, is granted. It is

FURTHER ORDERED that defendant Allendale Mutual Insurance Company's Motion For Summary Judgment is granted. It is

FURTHER ORDERED that judgment is entered in favor of defendants and against plaintiff for dismissal of the Complaint and cause of action. It is

FURTHER ORDERED that defendants shall have their costs upon the filing of a Bill Of Costs with the Clerk of Court within ten (10) days from entry of this judgment.

---

or otherwise being worked upon; all unless physical damage not excluded by this Policy results, in which event, this Policy shall cover only such resulting damage;

. . . . .

6. contamination including but not limited to pollution, shrinkage or change in color, flavor, texture or finish, unless such damage directly results from other physical damage not excluded by this policy;

7. setting, cracking, shrinking, bulging, or expansion of pavements, foundations, walls, floors, or ceilings; unless physical damage not excluded by the Policy results, in which event, this Policy will cover only such resulting damage;

Allendale Insurance Policy, Part C—Exclusions, at pages 2–3.