### No. C-478

**Mary S. Urtado, widow of Joseph F. Urtado, Deceased; Joseph F. Urtado, Jr., and James F. Urtado, minor children of Joseph F. Urtado, Deceased, individually and by their mother and next friend, Mary S. Urtado; Jody A. Urtado and Susan K. Urtado, minor children of Joseph F. Urtado, Deceased, individually and by their mother and next friend, Margaret R. Urtado; and Bruce Irvin Shupe and Burrell R. Shupe v. Allstate Insurance Company**

(528 P.2d 222)

Decided November 18, 1974.

Sol Cohen & Morton L. Davis, Alperstein, Plaut & Barnes, P.C., for petitioners.

Burnett, Horan & Hilgers, William P. Horan, Henry G. Titcombe, Jr., for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Because of numerous parties we will refer to them by name. We granted certiorari to review a decision of the Court of Appeals which affirmed a trial court summary judgment for Allstate Insurance Company in *Urtado v. Shupe,* 33 Colo. App. 162, 517 P.2d 1357 (1973). We affirm.

This is an action for the wrongful death of Joseph Urtado brought by his widow and children against Bruce Shupe and his father, Burrell. At the time of the accident Bruce was employed by his father and lived in the same household. He was using his father's truck to retrieve an extension ladder and return it to the job site. There has not been a trial on the main suit involving whether the Shupes are liable to the Urtados.

Bruce Shupe was insured by Allstate, which was made a third-party defendant when it denied coverage. The policy provides that Bruce was insured with respect "to the owned or a non-owned automobile." The policy defines a "non-owned automobile" as one "not owned by the named insured *or any relative.*" (Emphasis added.) The term "relative" is further de-

fined in the policy as ''a relative * * * who is a resident of the same household'' as the named insured.

Allstate's position is that reading the policy as an integral document, Bruce is insured while driving a non-owned automobile only if it does not belong to a relative who lives in the same household. The trial court agreed, and granted Allstate's motion for summary judgment of dismissal as to it.

I.

Insured Bruce's argument is that it is unusual for a restriction on a non-owned car to appear in the *definition section* of the policy. From this it is contended that the definition operates as an exclusion from the broad overall coverage, and it should have appeared in the *exclusion section* of the policy; and since it did not, the manner of conveying coverage to the purchaser is ambiguous. His assertion is that an insurance policy is a contract of adhesion as sold to the lay, unschooled public and that what is capable of plain, open and unequivocal language should be so stated — without deception, artifice or concealment.

While it is certainly true that what appears in a contract should be open and forthright, nevertheless, one cannot read only selected portions of an insurance policy. It contains a plain admonition on the first page that *all* terms of the policy are to be considered, including the important definition section.

The provisions of an insurance policy cannot be read in isolation, but must be read as a whole. *Coxen v. Western Empire Life Insurance Co.,* 168 Colo. 444, 452 P.2d 16 (1969). Considering the contract as a whole, we cannot say that it is ambiguous. Since it is not, this court may not rewrite it nor limit its effect by strained construction. *Massachusetts Mutual Life Insurance Co. v. DeSalvo,* 174 Colo. 115, 482 P.2d 380 (1971); 7 *Blashfield Automobile Law and Practice* § 292.2 (F. Lewis ed. 1966).

The Court of Appeals aptly held:

''* * * In this case, the language of the definitions is clear and unambiguous when those definitions are read together, and they must therefore be enforced as written. While the insurer has a duty to state limitations on coverage in a manner clearly designed to apprise the insured of its effect, it is not necessary that all limitations appear as exclusions from coverage. *State Farm*

*Mutual Insurance Co. v. Flynt,* 17 Cal.App.3d 538, 95 Cal.Rptr. 296. Definitions of terms used in the insuring clause frequently have the effect of defining, and therefore limiting, coverage. The definitions in question in this case appear on the same page of the policy, under the headings, *'Definitions of Words Used Under This Part'* and in smaller, but boldface print, 'Important Words Explained.' These headings were conspicuous and the definitions easily readable by the insured.''

## II.

A second argument advanced by the Shupes is that the non-owned automobile clause unreasonably restricts the insurance coverage, in derogation of the public policy of Colorado. They assert that the definitions are in violation of the Uniform Motor Vehicle Safety Responsibility Act. C.R.S. 1963, 13-7-1 *et seq.* We also concur with the treatment given those issues by the Court of Appeals and need not repeat the discussion.

## III.

■ In holding the policy did not extend coverage to the insured when he was operating a car owned by his father who lived in the same household, it is unnecessary for us to consider the ''business or occupation'' exception also relied on by Allstate.

The judgment is affirmed, with a remand to the trial court for further proceedings on the Urtados' claim.

MR. JUSTICE HODGES does not participate.