576 P.2d 153

### DAIRYLAND INSURANCE COMPANY, an Insurance Company, Appellant,

v.

Amanda Dawn BEEKMAN, a minor, Juanita June Riggs, a minor, Juanita June Spence, individually and as guardian of Amanda Dawn Beekman, a minor, and Juanita June Riggs, a minor, and as Administratrix of the Estate of Linda Elaine Beekman, Deceased, Johnnie Beekman, surviving spouse of Linda Elaine Beekman, Deceased, Richard Lee Dollarhide and Jane Doe Dollarhide, his wife, and Western Gillette, Inc., a corporation, Appellees.

No. 1 CA–CIV 3478.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 23, 1978.

Reversed and remanded with directions.

Sorenson, Esser & Moore by H. Jeffrey Coker, Phoenix, for appellant.

Wachtel, Biehn & Malm by Denis R. Malm, Lake Havasu City, for appellees Beekman, Riggs & Spence.

Bair & Martin by Rex L. Martin, Kingman, for appellees Dollarhide.

Snell & Wilmer by H. William Fox and W. Charles Thomson, Phoenix, for appellee Western Gillette, Inc.

## OPINION

NELSON, Judge.

This appeal is from a declaratory judgment adverse to the appellant, Dairyland Insurance Company (Dairyland), rendered in an action brought by Dairyland to determine if an automobile liability insurance policy issued by it to the appellee, Richard Lee Dollarhide (Dollarhide), provided coverage for an accident which resulted in the death of Linda Elaine Beekman (Linda). The trial court found that coverage existed. We disagree and therefore must reverse the judgment of the trial court.

For approximately four months prior to the fatal accident, Dollarhide and Linda had been living together at the same address in Kingman, Arizona, along with Linda's infant daughter, and occasionally with other relatives. Although no formal papers had been filed, Linda was in the process of obtaining a "do-it-yourself" divorce from her husband, after which she and Dollarhide planned to formalize their informal arrangement with a marriage ceremony.

Dollarhide owned a 1972 pickup truck which was insured by Dairyland under the policy here in question. Linda owned a 1966 Chevrolet Caprice, which was not insured. On the night in question, Dollarhide drove Linda's car because his truck was low on fuel and he did not trust her driving. She was a passenger in her own car. A collision with a truck owned by Western Gillette, Inc., a former party to this lawsuit, occurred and Linda was killed.

■ The question presented for review here is: was Dollarhide covered by the Dairyland Insurance Policy issued for the 1972 pickup while he was driving Linda's 1966 Caprice? All parties agree that the controlling provision of the policy is that section referring to the use of other automobiles, and particularly the exclusions found therein:

"V   Use of Other Automobiles

(b) This insuring agreement does not apply:

(1) to any automobile owned by or furnished for regular use to either the named Insured or a member of the same household   .   .  .."

Both parties filed motions for summary judgment below, urging that there were no disputed fact questions. We agree with that proposition. The only possible conflict is not in the facts, but in Dollarhide's characterization of the fact that he and Linda were "roommates", and were not holding themselves out to the world as husband and wife. Dollarhide had, however, acknowledged in his deposition that Linda referred to herself around town as Mrs. Dollarhide and that they were going to be married as soon as a final divorce could be obtained from her husband.

■ Under these undisputed facts, it is clear that Dollarhide and Linda had been living together, for all practical purposes, as husband and wife for a period of four months and intended to do so permanently until the unfortunate accident intervened. Unquestionably, Linda was a member of the same household as Dollarhide and the exclusion therefore governs.

■ While the appellees urge a strict construction of the term "household" to include only relatives by blood or marriage, and not an informal arrangement such as we have here, this result is not mandated by the Arizona decisions and would ignore the realities of life as they exist today. While we generally think of household in terms of family and blood relatives, the key is the "intended duration of the relationship". *Nationwide Mutual Insurance Company v. Granillo,* 117 Ariz. 389, 573 P.2d 80 (App.1977). *See also Heard v. Farmers Insurance Exchange Company,* 17 Ariz.App. 193, 496 P.2d 619 (1972). We clearly have

the type of relationship here which was contemplated by the contract of insurance in this case and by the decisions of this Court.

Even if this view is accepted, the appellees urge that the policy is ambiguous and the insurance company must prove that not only was Linda a member of Dollarhide's household, but that the automobile involved in the accident was "furnished for regular use to" Dollarhide. Assuming that the facts prove that Linda's car was not "furnished for regular use" of Dollarhide, we do not find the policy of insurance ambiguous in this regard.

Appellees rely primarily on the decision of *Dairyland Insurance Company v. Ward,* 83 Wash.2d 353, 517 P.2d 966 (1974), which in turn cites two other decisions, *Travelers Indemnity Co. v. Pray,* 204 F.2d 821 (6th Cir. 1953) and *Juzefski v. Western Casualty and Surety Company,* 173 Cal.App.2d 118, 342 P.2d 928 (1959), in support of the proposition that a provision identical to the one in question is indeed ambiguous. While the dissent in *Ward, supra,* carefully points out the fact that those three decisions practically stand alone for that proposition, and cites some 35 cases to illustrate the point (*see also* 86 A.L.R.2d 937), we need only look to this Court's opinion in *Heard v. Farmers Insurance Exchange Company, supra,* to reach the proper result. After correctly pointing out that the reasoning of the California court in *Juzefski, supra,* is rather strained, this language makes our course clear:

> "Appellants cite several decisions as authority for the proposition that courts should construe insurance policy provisions broadly in favor of expanded coverage. While the legal principle stated might be valid in the abstract, it has no application to the policy language and facts of this case. Further, it is our opinion that courts should exercise extreme care to make certain that the stated principle is applied *only when there is in truth and in fact an actual ambiguity in the language of the policy as applied to the facts before the court. Judicial re-*straint should always be the keynote.* The language used by Justice Struckmeyer in *Kilpatrick v. Superior Court,* 105 Ariz. 413, 466 P.2d 18 (1970), used in reference to statutory construction, is equally applicable to the construction of contracts, including insurance policies, as follows:

> 'There is no magic in [contract] construction and no legal legerdemain should be used to change the meaning of simple English words so that the resulting interpretation conforms the [agreement] to the sociological and economic views of judges or lawyers. *Words are to be given their usual and commonly understood meaning unless it is plain or clear that a different meaning was intended.'* " 17 Ariz.App. at 197, 496 P.2d at 623. (Emphasis added)

With these admonitions in mind, the language in question is very clear. If an automobile other than the one named in the policy is owned by the named insured (Dollarhide), it is not covered by the policy. If another automobile is owned by a member of the same household (Linda), it is not covered by the policy. If another car is furnished for the regular use of the named insured, (Dollarhide) or a member of his household (Linda), it is not covered by the policy. The word "or" in the policy provision, *supra,* clearly contemplates that each factor is a separate exclusion. There is no ambiguity. *Heard v. Farmers Insurance Exchange Company, supra.*

While courts have differed on the subject, this jurisdiction has adopted the view that the policy basically follows the vehicle and its temporary substitutes. *See Rodriguez v. Maryland Indemnity Insurance Company,* 24 Ariz.App. 392, 539 P.2d 196 (1975), and cases cited therein. Any vehicle other than the one insured, regularly furnished or available for use by the insured or a member of his household, whether owned or not, obviously increases the risk and requires a premium for the additional coverage. *Rodriguez v. Maryland Indemnity Insurance Company, supra.*

The judgment of the superior court is reversed and the cause is remanded with directions to the superior court to enter judgment in favor of Dairyland.

FROEB, C. J., and HAIRE, J., concur.