FARMERS INSURANCE CO., and Mid-Century Insurance Co., its subsidiary, Plaintiffs-Appellees,

v.

Patrice PLUNKETT, Defendant-Appellant.

No. 82CA0058.

Colorado Court of Appeals, Div. I.

Feb. 16, 1984.

Rehearing Denied April 5, 1984.

Certiorari Denied Sept. 4, 1984.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, Colorado Springs, for plaintiffs-appellees

James R. True, Aspen, for defendant-appellant.

METZGER, Judge.

Plaintiffs, Farmers Insurance Company and its subsidiary, Mid-Century Insurance Company, sought a declaratory judgment with respect to the "non-owned automobile" exclusion of their auto insurance policy issued to Anthony Tailleur as it applied to his use of an automobile owned by Patrice Plunkett, appellant. The trial court granted summary judgment in favor of the insurance companies. We affirm.

The parties agree that the facts giving rise to the court's order are essentially undisputed.

On February 23, 1980, Anthony Tailleur was driving Plunkett's automobile when he was involved in an accident severely damaging the vehicle. Tailleur's use of the automobile was with Plunkett's consent, but he did not use or maintain this automobile on a regular basis, since he owned his own vehicle. Plunkett was not in the vehicle at the time of the accident.

Since December 1979, Plunkett and Tailleur, though unmarried, had been living together. They resided, together with Tailleur's brother, in a small house. Living expenses were shared three ways, and Tailleur and Plunkett claimed no residence other than this home.

The trial court found that although their relationship was not a marital one, nor were they related by consanguinity or affinity, Plunkett and Tailleur were "residing together." The court, therefore, applied the exclusion in Tailleur's insurance policy and held there was no coverage.

Plunkett contends that the trial court erred in granting the insurance company's motion for summary judgment finding that

under Tailleur's insurance policy the "non-owned automobile" exclusion applied, thereby precluding payment for damage to her automobile.

## I.

Plunkett first asserts that the definition of "non-owned automobile" in Tailleur's insurance policy is ambiguous, and, thus, summary judgment was improperly granted. We disagree.

The policy provided property damage coverage to Tailleur when he, with the owner's permission, was driving a "non-owned automobile." Non-owned automobile is defined in the policy as:

"an automobile not owned by or regularly or frequently used by the named insured or any resident of the same household, other than a substitute vehicle."

Plunkett contends that the term "residents of the same household" is ambiguous and should be construed to imply "relatives who are residents of the same household," citing *Urtado v. Allstate Insurance Co.,* 187 Colo. 24, 528 P.2d 222 (1974). In that case, however, the insurance policy defined "non-owned automobile" as one "not owned by the named insured *or any relative*" (emphasis added), unlike the insurance policy provisions in question here.

■ The determination of the existence of an ambiguity is a question of law for the trial court, *People v. Johnson,* 618 P.2d 262 (Colo.1980), and the court must examine the insurance policy as a whole in making this determination. *See Beeson v. State Automobile & Casualty Underwriters,* 32 Colo.App. 62, 508 P.2d 402 (1973); *see also Coxen v. Western Empire Life Insurance Co.,* 168 Colo. 444, 452 P.2d 16 (1969). The trial court specifically found that the insurance policy was unambiguous and, thus, concluded that coverage did not extend to Plunkett's vehicle, since it was owned by a "resident of the same household" as Tailleur. We agree with that determination.

## II.

■ Nevertheless, since the undisputed facts showed that she and Tailleur were not married or otherwise related, Plunkett contends that the trial court erred in its determination that she and Tailleur were "residents of the same household" for purposes of the insurance policy's provisions. We decline to adopt this interpretation.

The term "residents of the same household" was defined by this court in *Iowa National Mutual Insurance Co. v. Boatright,* 33 Colo.App. 124, 516 P.2d 439 (1973), and four factors were determined to be relevant:

"[1] The subjective or declared intent of the individual ... [2] the formality or informality of the relationship between the individual and the members of the household ... [3] the existence of another place of lodging by the alleged resident ... and [4] the relative permanence or transient nature of the individual's residence in the household ...."

Here, the undisputed facts indicate that Plunkett voluntarily moved into the home rented by Tailleur and his brother, and entered into a personal relationship with Tailleur. While the relationship between Plunkett and Tailleur was not marital, nor were they related by consanguinity or affinity, it is indisputable that their relationship was not informal and involved some degree of commitment between them. Plunkett paid one-third of all the bills for the household and contributed to its day-to-day maintenance. Neither Tailleur nor Plunkett had another place of lodging. The totality of these circumstances demonstrates that the nature of Plunkett's residence in the household was of a relatively permanent and non-transient nature.

Thus, applying the standard set out in *Iowa National Mutual Insurance Co. v. Boatright, supra,* we determine that the trial court ruled correctly in concluding that Plunkett was a resident of the same household as Tailleur. *See Dairyland Insurance Co. v. Beekman,* 118 Ariz. 294, 576 P.2d 153 (App.1978); *see also* Comment, *Defining "Relative," "Member of the Household," "Member of the Family" or "Resident" Within the Meaning of*

*Homeowner's and Automobile Liability Policies,* 26 *Drake L.Rev.* 824 (1976–77).

### III.

Plunkett's final argument is that there remain genuine issues as to material facts, particularly those of residency and household. Since the evidence was undisputed and uncontradictory, there was no genuine issue as to any material fact and summary judgment was an appropriate remedy. *Edwards v. Price,* 191 Colo. 46, 550 P.2d 856 (1976), *appeal dismissed,* 429 U.S. 1056, 97 S.Ct. 778, 50 L.Ed.2d 773 (1977).

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.