Michael J. **WOTA** and Virginia Diane Wota, Plaintiffs–Appellants,

v.

**BLUE CROSS AND BLUE SHIELD OF COLORADO, a Colorado corporation,** Defendant–Appellee.

No. 90CA1661.

Colorado Court of Appeals, Div. I.

May 9, 1991.

Rehearing Denied June 13, 1991.

Certiorari Granted Nov. 25, 1991.

Bader & Villanueva, P.C., Gerald L. Bader, Jr., Randolph S. Dement, Denver, Dugan & Ehlers, Thornton W. Price III, Durango, Cassidy & Zentmyer, Samuel H. Cassidy, Milton L. Zentmyer, Pagosa Springs, for plaintiffs-appellants.

Cooper & Kelley, P.C., Thomas B. Kelley, Mark A. Fogg, Dean A. McConnell, Denver, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiffs, Michael and Virginia Wota, appeal a summary judgment entered in favor of defendant, Blue Cross and Blue Shield of Colorado. We affirm.

Plaintiffs were insured by Blue Cross under a prepaid group health plan. The policy included coverage of major medical and surgical benefits according to the terms of the membership certificate. Relevant portions here include the introduction, which states, in pertinent part:

"The last part of each individual 'BENE-FITS' section lists the limitations and exclusions to that particular service which are *most* important for you to know. Section V. WHAT WE WILL NOT PAY FOR—GENERAL LIMITA-TIONS AND EXCLUSIONS, lists other items which apply to *all* benefits." (emphasis added)

The benefits section at issue here provides coverage for medical/surgical benefits, including pre-operative visits, surgery, and follow-up care. However, the limitations and exclusions for these surgical benefits include Section 10, labeled "Organ Transplants." It provides:

"If you are a recipient of an organ transplant, and are charged for the services furnished the donor, covered charges are allowed. *Only* the following transplant procedures will be covered:

a. Corneal (eye) transplant.

b. Kidney (renal) transplant.

c. Bone marrow transplant." (emphasis added)

Plaintiffs contend that the trial court erred in interpreting the insurance policy to deny coverage for his heart transplant surgery and attendant care. They assert that the policy is, at best, ambiguous, and would reasonably convey to the lay reader that a heart transplant procedure is a covered benefit. Plaintiffs specifically complain that no limiting language regarding heart transplant procedures appears in the general limitations and exclusions section (Section V). They further argue that the reasonable construction of the limitation in

Section 10 is applicable only to donor benefits. We disagree with these arguments.

An insurer who wishes to avoid liability must use language which clearly and unequivocally evidences its intent to limit coverage. The insurer must also call these limiting conditions to the attention of the insured. *State Compensation Insurance Fund v. Wangerin,* 736 P.2d 1246 (Colo.App.1986). To ascertain whether there exists an ambiguity in a policy, the language must be examined and construed in harmony with the plain and generally accepted meaning of the words used, and by reference to all provisions of the agreement. *Chacon v. American Family Mutual Insurance Co.,* 788 P.2d 748 (Colo. 1990).

While an insurer has a duty to state the coverage limitations clearly so as to apprise the insured of their effect, it is not necessary that all limitations affirmatively appear as exclusions from coverage. *Urtado v. Shupe,* 33 Colo.App. 162, 517 P.2d 1357 (1973). In other words, such exclusions may reasonably appear from their non-inclusion in covered, listed benefits.

If the policy terms are plain and unambiguous, a court may not rewrite the contract or limit its effect as written. *Ohio Casualty Insurance Co. v. Imperial Contractors, Inc.,* 765 P.2d 1060 (Colo.App. 1988); *Urtado v. Shupe, supra.*

Here, the limiting language of Section 10 clearly apprises the insured that a heart transplant procedure is not covered under the policy. The policy's introduction has already informed the insured that the limitations and exclusions for these particular benefit services are the "most important for you to know." Therefore, there is no significant effect from the failure to list heart transplant procedures in the general exclusions section (Section V).

We have examined the contract as a whole and have considered the plain meaning of the limiting language in Section 10. *See Chacon v. American Family Mutual Insurance Co., supra.* That analysis leads us to determine that heart transplant procedures are not included in the covered benefits for organ transplants. Thus, we agree with the trial court's conclusion to the same effect.

The summary judgment is affirmed.

RULAND and DUBOFSKY, JJ., concur.