**Michael Joseph WOTA and Virginia Diane Wota, Petitioners,**

v.

**BLUE CROSS AND BLUE SHIELD OF COLORADO, a Colorado corporation, Respondent.**

**No. 91SC426.**

Supreme Court of Colorado, En Banc.

June 29, 1992.

Bader & Villanueva, P.C., Gerald L. Bader, Jr., Randolph S. Dement, Denver, Dugan & Ehlers, Thornton W. Price, III, Durango, Cassidy & Weiss, Samuel H. Cassidy, Pagosa Springs, for petitioners.

Cooper & Kelley, P.C., Thomas B. Kelley, Mark A. Fogg, Dean A. McConnell, Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to determine whether the court of appeals erred in affirming the summary judgment entered by the district court for Blue Cross and Blue Shield of Colorado (Blue Cross) and the dismissal of Michael Joseph Wota's claim, under a group health plan, for medical expense benefits related to heart transplant surgery. *Wota v. Blue Cross & Blue Shield*, 820 P.2d 1137 (Colo.App.1991). We affirm.

At the time in controversy Wota was insured under a "Custom Plus" group health plan issued by Blue Cross. Under the plan, Wota received major medical-surgical and hospital benefits coverage according to the terms of his insurance contract with Blue Cross, as provided in the Membership Certificate (policy).

On July 22, 1987, Wota underwent successful heart transplant surgery at Presbyterian Hospital in Albuquerque, New Mexico. Prior to the heart transplant surgery Wota was informed by Blue Cross that his policy did not cover the procedure. Nevertheless, Blue Cross paid claims for expenses related to the heart transplant surgery that were submitted under a diagnosis code of "heart failure" and under codes relating to pre- and post-surgical care. In May 1989 Blue Cross retroactively denied coverage after it discovered that the claims were related to Wota's heart transplant surgery.

Wota and his wife, Virginia Wota, commenced this action against Blue Cross asserting bad faith and breach of contract and requesting injunctive and declaratory relief, and later added a claim premised on promissory estoppel.[1] On cross motions for summary judgment, the trial court granted summary judgment in favor of Blue Cross and against the Wotas and dismissed the Wotas' claims, holding that "there is. no coverage for the heart transplant surgery under the unambiguous terms of the policy." The court of appeals affirmed.

The Wotas contend that the heart transplant surgery, related procedures, and all pre-care and after-care are included as surgery under the Blue Cross policy and are not excluded by any specific or general limitations or exclusions. The policy states in section IV that Blue Cross will pay benefits[2] for medically necessary services and supplies,[3] subject to the limitations and exclusions listed in section V.[4] Section IV lists specific benefits and, under each individual benefit, limitations and exclusions applicable to that benefit. The policy provides that if a claim is submitted for a service not listed as a benefit or exclusion, Blue Cross will review the claim "to deter-

---

1. Blue Cross counterclaimed for unjust enrichment in the amount of benefits already paid to Wota for services relating to the heart transplant operation. Blue Cross dismissed the counterclaim after summary judgment and prior to appeal.

2. The policy provides coverage for services and supplies provided by hospitals and other "Facility Providers," as well as services provided by physicians and other "Professional Providers," including "many items, services, and supplies that are necessary for treatment of an illness or injury."

3. Medically necessary services and supplies are defined in the policy as "those provided for the diagnosis and treatment that are 'appropriate' for your specific illness, injury, or condition," ordered by the attending physician, and not given solely for the general welfare or well being of the insured.

4. The section V limitations and exclusions are not applicable here.

mine whether the service or supply qualifies as a benefit. Our determination will be final."

Organ transplants are listed under the limitations and exclusions applicable specifically to surgery. The surgery provision in the policy provides in relevant part:

### LIMITATIONS AND EXCLUSIONS

. . . .

#### 10. Organ Transplants

If you are a recipient of an organ transplant, and are charged for the services furnished the donor, covered charges are allowed. **Only** the following transplant procedures will be covered:

    a. Corneal (eye) transplant.

    b. Kidney (renal) transplant.

    c. Bone marrow transplant.

The Wotas maintain that the second sentence, stating that only corneal, kidney, and bone marrow transplants will be covered, applies only to donor services. We disagree.

■ An insurance policy is a contract and should be construed in accordance with general principles of contractual interpretation. *Chacon v. American Family Mut. Ins. Co.*, 788 P.2d 748, 750 (Colo.1990). The court should not rewrite a contractual provision that is clear and unambiguous, *id.; Urtado v. Allstate Ins. Co.*, 187 Colo. 24, 26, 528 P.2d 222, 223 (1974), but must give effect to the plain and ordinary meaning of its terms. *Terranova v. State Farm Mut. Ins. Co.*, 800 P.2d 58, 60 (Colo.1990). To ascertain whether a provision is ambiguous, the court must examine and construe the language "in harmony with the plain, popular, and generally accepted meaning of the words employed and with reference to all provisions of the document." *Heller v. Fire Ins. Exch.*, 800 P.2d 1006, 1008 (Colo. 1990). Policy provisions should be read to avoid ambiguities if possible, and the language should not be tortured to create ambiguities. *Chacon*, 788 P.2d at 751 (quoting *Spezialetti v. Pacific Employers Ins. Co.*, 759 F.2d 1139, 1140 (3d Cir.1985)). Mere disagreement between the parties about the meaning of a provision in a policy does not create an ambiguity. *Terranova,*

800 P.2d at 60; *Kane v. Royal Ins. Co. of America,* 768 P.2d 678, 680 (Colo.1989).

■ It is undisputed that a heart transplant is a surgical procedure within the meaning of the policy. The organ transplant limitation and exclusion under the surgery provision in the policy lists those transplant procedures which are covered. Heart transplant procedures are not listed. Therefore, since the policy provides that only those procedures listed are covered, heart transplant surgery is not covered and the policy is not ambiguous.

The Wotas contend that this limitation applies only to covered "donor services" because the preceding sentence refers to donor services. The statement that only corneal, kidney, and bone marrow transplants are covered comes under the heading "Organ Transplants." The first sentence under that heading states, "If you are a recipient of an organ transplant, and are charged for the services furnished the donor, covered charges are allowed." Viewed in context, this sentence in the policy provides only one meaning—that charges for services furnished to the donor in connection with an organ transplant may be allowed only if the transplant itself is covered by the policy. The second sentence specifies the organ transplants that are covered by the policy. Since there is no ambiguity, we will not rewrite the sentence referring to covered transplant procedures so as to limit it to "services furnished the donor."

The policy clearly instructed Wota to read the limitations and exclusions under the surgery benefits part of the policy. *See Urtado*, 187 Colo. at 26, 528 P.2d at 223 (duty of insurer "to state limitations on coverage in a manner clearly designed to apprise the insured of its effect" does not require all limitations to appear as exclusions from coverage). The introduction section of the policy states: "The last part of each individual 'BENEFITS' section lists the limitations and exclusions to that particular service which are most important for you to know." In addition, section IV of the policy, entitled "WHAT WE WILL PAY FOR—BENEFITS," explains that

some exclusions, limitations, or benefits may not be specifically referred to in the policy:

> If you submit a claim for a service not listed on the following pages as a benefit or exclusion, we will review your claim to determine whether the service or supply qualifies as a benefit. Our determination will be final.

Wota contends that a specific exclusion is required to exclude heart transplant procedures because a heart transplant is not a "run-of-the-mill procedure." Wota relies on *North American Accident Ins. Co. v. Cochran*, 74 Colo. 515, 223 P. 28 (1924), where we stated,

> It would not have been a difficult task for the insurer to make it plain that the gross sum provided in the schedule of injuries should in no case be paid unless the insured exercises the option mentioned and gives written notice thereof to the insurer.

*Id.* at 520, 223 P. at 30. However, in *North American* the disputed provision of the policy was in conflict with other associated parts of the policy and with the schedule of injuries provided by the insurance carrier. There is no such conflict here, and we conclude that *North American* does not require Blue Cross to specifically exclude heart transplants in the absence of an ambiguity.

The Wotas also contend that Blue Cross intended the policy to cover the heart transplant, and cite *Blecker v. Kofoed,* 672 P.2d 526 (Colo.1983), which stated, "One of the most reliable indications of the true intent of the parties to a contract is their behavior and interpretation of the contract before a controversy arises." In *Blecker* we interpreted a trial court order, applying the rules for interpreting an unclear contract. Since the policy here is not ambiguous, we need not look outside the policy for indications of the intent of the parties. It is undisputed that Blue Cross informed Wota, prior to the transplant surgery, that his policy did not cover the procedure. Although Blue Cross initially paid claims for services related to Wota's heart transplant surgery, those claims did not specify that the services were related to heart transplant surgery. When Blue Cross discovered that the claims pertained to heart transplant surgery, it retroactively denied the claims.

Accordingly, we affirm the court of appeals judgment affirming summary judgment for Blue Cross.