854 P.2d 1372 (1993)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of J.E.B., J.O.B., and C.B., Children, and Concerning S.B., Respondent-Appellant.
No. 92CA0119.
Colorado Court of Appeals, Div. II.
March 25, 1993.
Rehearing Denied April 22, 1993.
Certiorari Denied July 6, 1993.
*1373 Kevin L. Hoyer, Akron, for petitioner-appellee.
Robert B. Smith, Sterling, Guardian Ad Litem.
Janet D. Zimmerman, Sterling, for respondent-appellant.
*1374 Opinion by Judge SMITH[*].
S.B. (mother) appeals from the judgment terminating her parent-child legal relationship with her children, J.E.B., J.O.B., and C.B. We affirm.
This proceeding involved the mother and her husband, L.B., the father of the children. After the children were adjudicated dependent and neglected, a treatment plan was adopted. However, progress was such that a motion to terminate parental rights was filed in 1990. Notice of the motion and the hearing thereon was served on the mother's counsel.
During the hearing on the motion to terminate, the children's guardian ad litem participated in the questioning of witnesses and stated his agreement with the recommendations made by the Department of Social Services. The mother objected to the qualification of expert witnesses and much of the evidence as impermissible hearsay. When the father called the children's guardian ad litem to testify and the mother joined in the questions put to the guardian, the trial court stopped the examination.
At the conclusion of the hearing, the trial court entered judgment terminating the parent-child legal relationship.

I.
The mother contends that the trial court erred in limiting the examination of the children's guardian ad litem during the termination hearing. We disagree.
The Children's Code defines a guardian ad litem as
a person who is appointed by a court to act in the best interest of a person whom he is representing in proceedings under this title and who, if appointed to represent a person in a dependency and neglect proceeding under article 3 of this title, shall be an attorney-at-law licensed to practice in Colorado.
Section 19-1-103(14), C.R.S. (1992 Cum.Supp.).
Section 19-3-203(1), C.R.S. (1992 Cum.Supp.) of the Children's Code makes appointment of a guardian ad litem mandatory, and § 19-3-203(3), C.R.S. (1992 Cum.Supp.) sets forth the duties of a guardian ad litem as follows:
The guardian ad litem shall be charged in general with representation of the child's interests. To that end, he shall make such further investigations as he deems necessary to ascertain the facts and shall talk with or observe the child involved, examine and cross-examine witnesses in both the adjudicatory and dispositional hearings, introduce and examine his own witnesses, make recommendations to the court concerning the child's welfare, appeal matters to the court of appeals or the supreme court, and participate further in the proceedings to the degree necessary to adequately represent the child.
The Children's Code further provides for a guardian ad litem at the termination phase of a dependency and neglect proceeding:
A guardian ad litem, who shall be an attorney and who shall be the child's previously appointed guardian ad litem whenever possible, shall be appointed to represent the child's best interests in any hearing determining the involuntary termination of the parent-child legal relationship. Additionally, said attorney shall be experienced, whenever possible, in juvenile law. Such representation shall continue until an appropriate permanent placement of the child is effected or until the court's jurisdiction is terminated.
Section 19-3-602(3), C.R.S. (1992 Cum.Supp.).
These provisions define the role of a guardian ad litem as a representative of the best interests of the child but do not specify the precise method that should be utilized in performing this role. See generally Walton & Schmalberger, Standards of *1375 Practice for Guardians ad Litem, 21 Colo.Law. 1907 (September 1992).
The requirement that a guardian ad litem make recommendations to the court may be satisfied either (1) by presenting his or her opinions based upon the guardian's independent investigation, or (2) by advocating a specific result based upon the evidence which has been presented before the court, or (3) by some combination of these two approaches. Determination of the issue presented here, whether a guardian ad litem may be examined and cross-examined, depends on the manner in which the guardian chooses to proceed in fulfilling the statutory requirements of the position.
Insofar as the guardian ad litem chooses to present his or her recommendations as an opinion based on an independent investigation, the facts of which have not otherwise been introduced into evidence, the guardian functions as a witness in the proceedings and, thus, should be subject to examination and cross-examination as to the bases of his or her opinion and recommendation.
If, on the other hand, the guardian ad litem's recommendations are based upon the evidence received by the court from other sources, then they are analogous to arguments made by counsel as to how the evidence should be viewed by the trier of fact. Opinions and recommendations so based and presented are not those of a witness, but are merely arguments of counsel and examination and cross-examination concerning these should not be permitted. See Rules of Professional Conduct 3.7 and Comment thereto.
Here, the record demonstrates that the guardian ad litem had chosen to examine the witnesses called by others and to present his recommendations in the form of legal argument based upon the facts and opinions testified to by others. Thus, we agree with the trial court that this guardian ad litem should not be required to testify.

II.
We reject the mother's contention that she was not afforded due process of law in the termination proceedings. There was no inadequacy in the notice of the motion for termination, nor was the mother denied the effective assistance of counsel. She was, in fact, represented by court-appointed counsel at all stages of the proceedings. Similarly, we find no error in the evidentiary rulings.

A.
The mother argues that she was not served with notice of the grounds for the motion to terminate nor of the date, time, and place of the hearing. She further argues that the requirements of § 19-3-603, C.R.S. (1992 Cum.Supp.) were not met. There is no merit in these arguments.
There is no requirement in statute or case law requiring service of notice of the termination hearing upon both counsel and a client, nor will we create one here. Moreover, it was the mother's conduct in failing to stay in touch with counsel which has led to the result here, rather than any ineffective assistance of counsel. As the trial court specifically found, the mother's testimony about her understanding of the status of proceedings "is not credible."
Finally, we find no basis in the record for the assertion that termination was based on abandonment and that, therefore, notice in compliance with § 19-3-603 was required.

B.
We also find no merit in the mother's due process arguments concerning the evidence at the termination hearing.
Again, contrary to the mother's arguments, the voir dire of the proposed experts established that the court was correct in accepting them as experts in their fields. See CRE 702.
CRE 703 permits an expert to rely on facts and data reasonably relied upon by experts in that field, and it is clear that is what happened here. Thus, the experts *1376 properly relied upon reports and information in the case which otherwise might have been objectionable hearsay.
Those reports admitted as exhibits were properly admitted for the purpose of determining the proper disposition of the child pursuant to § 19-1-107, C.R.S. (1992 Cum.Supp.). We are not persuaded by the mother's argument that this statute prohibits the use of the reports for determining facts at a termination hearing. See Harding v. Industrial Commission, 183 Colo. 52, 515 P.2d 95 (1973) (when language of statute is plain, strained interpretation should not be applied).
Moreover, issues of credibility or reliability go to the weight of the evidence, not its admissibility. See CRE 104(a). Cf. Eggert v. Mosler Safe Co., 730 P.2d 895 (Colo.App.1986) (credentials warranting expert qualification were not negated by officer's failure to solve crime). The fact that the mother introduced evidence conflicting with that depended on by the experts does not make the experts' opinions inadmissible.
Furthermore, the experts correctly applied the standard of the best interests of the children. See § 19-1-102(1)(c) and § 19-3-302, C.R.S. (1992 Cum.Supp.).

III.
The mother also contends that the statutory criteria for termination were not established by clear and convincing evidence. We disagree.
The adjudication of the children was based on, among other things, the chaotic home life, domestic violence, lack of stable residence and income, and the exposure of the children to sexual activity and drug use.
Contrary to the mother's assertions, the record is replete with clear and convincing evidence not only of her unfitness and neglect of the children but also of the appropriateness of the treatment plan and its lack of success in rehabilitating her. It is the totality of all the evidence of all the witnesses, not just the breadth of testimony of a single witness, that forms the basis for the trial court's determination. Thus, the fact that one expert witness based his opinion solely upon the best interests of the children is cumulative and does not negate the abundance of evidence concerning the other issues to be considered on a motion to terminate the parent-child legal relationship.
Here, the mother admitted drug use after adoption of the treatment plan but did not comply with the required drug testing. Her involvement in counseling was minimal and is inadequate to ensure that she can avoid either drug use or domestic violence. She has lived in at least four states during the pendency of the treatment plan, has not held a job for any significant period of time, and has not paid any child support. She did not have a home suitable for the children. She failed to visit the children or have contact with them for months. On this record, we agree with the trial court that the mother's neglect of her children was the product of indifference. See People in Interest of C.A.K., 652 P.2d 603 (Colo.1982).
Judgment affirmed.
TURSI and HUME, JJ., concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).