**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Jicky Hernandez MENDIOLA, Executrix of the Estate of Gary Hernandez; April Hernandez; and Kelly Hernandez, Defendants–Appellants.**

**No. 92CA2104.**

Colorado Court of Appeals, Div. V.

Nov. 4, 1993.

Anderson, Campbell & Laugesen, P.C., Gregg C. McReynolds, Yvonne M. Cordes, Denver, for plaintiff-appellee.

John Gonzales & Associates, P.C., Brad Haralson, San Antonio, TX, and Kevin M. Wein, Englewood, for defendants-appellants.

Opinion by Judge TAUBMAN.

Defendants, Jicky Hernandez Mendiola, as executrix of the estate of Gary Hernandez, and Gary's children, April Hernandez and Kelly Hernandez, (the Hernandezes) appeal the judgment of the trial court that plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), was not liable for uninsured/underinsured motorist coverage under Colorado Law. We affirm.

On December 30, 1989, Gary Hernandez, accompanied by his daughters, April and Kelly, was driving on a New Mexico state highway when he negligently crossed the center line and collided with an oncoming tractor trailer truck. Gary Hernandez was killed and his daughters were severely injured.

Gary Hernandez held an automobile insurance policy issued by State Farm on the vehicle involved in the accident. The policy provided liability, no-fault, comprehensive, collision, emergency road service, and uninsured motor vehicle coverage in various amounts and was in effect on the date of the accident.

In late 1991, State Farm filed a declaratory judgment action in Colorado to construe the coverage due April and Kelly Hernandez under the insurance policy. State Farm alleged that its policy limited coverage for each child to $25,000, based upon a limited exception to a household exclusion clause in the liability section. The Hernandezes denied that the policy was so limited. They alleged that under New Mexico's uninsured/underinsured coverage laws, which they contended were applicable, a limited household exclusion clause was invalid.

Further, they counterclaimed that each child was entitled to up to $100,000 in uninsured/underinsured motorist benefits under New Mexico law via the out-of-state coverage clause in the policy's liability coverage section. The out-of-state coverage clause provides coverage for the insured under the compulsory liability laws of the state in which the insured is driving.

Thereafter, the trial court entered judgment in favor of State Farm and denied the

Hernandezes' cross-claim for additional benefits.

The trial court concluded that the out-of-state coverage clause did not apply to any section of the insurance policy except the liability section. Therefore, the trial court concluded, the provisions of the uninsured/underinsured motorist portion of the policy did not require application of New Mexico law, which would entitle April and Kelly Hernandez up to $100,000 each. Relying on the policy's household exclusion clause for uninsured/underinsured coverage, the trial court found that April and Kelly Hernandez were entitled to $25,000 each in liability coverage but were not entitled to any uninsured/underinsured motorist benefits. The Hernandezes appeal this decision.

### A. Choice of law for contract interpretation

■ The Hernandezes argue that the trial court improperly applied *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 198 Colo. 444, 601 P.2d 1369 (1979) to determine that Colorado law on contract construction governed. They maintain that the out-of-state coverage clause should be construed as an effective choice of law, thus eliminating the need for a choice of law determination by the court. We disagree.

In *Wood Bros. Homes, Inc.*, the court adopted the most significant relationship test based on Restatement (Second) Choice of Law §§ 6, 187, 188, & 196 (1971) to determine which state's law would govern in a contractual dispute. Thus, the court held that in the absence of an effective choice of law provision in a contract, a court should consider the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile or residence of the parties to determine which state bears the most significant relationship to the contract. In that case, the supreme court further held that there is a presumption that the laws of the state in which the contract is to be performed apply.

Here, the trial court found that Gary Hernandez, the principal insured, resided in Colorado, that the vehicle was licensed in Colorado, that the insurance policy was issued in Colorado, and that the insured intended his vehicle to be covered primarily in Colorado. The trial court acknowledged that there was some evidence of significant relationships with New Mexico and Texas because the accident occurred in New Mexico and the Hernandezes filed a tort suit in Texas. However, it correctly concluded that these facts were not relevant in determining choice of law for contract construction but would be appropriate in a tort suit.

The Hernandezes also asserted that the out-of-state coverage clause in the liability section of the insurance policy should be construed as an effective choice of law provision. However, the trial court specifically concluded that the out-of-state coverage clause did not extend beyond the liability section and, thus, was not an effective choice of law to be applied to the entire policy.

Based on this conclusion, the trial court properly determined that Colorado had the most significant relationship to the contract and its law would apply.

### B. Uninsured/underinsured motorist coverage

■ The Hernandezes assert that the out-of-state coverage clause should be extended to all sections of the policy because Colorado law and policy do not prohibit household member coverage under an uninsured/underinsured motorist provision and New Mexico law and policy require household member coverage. State Farm counters that the out-of-state coverage clause extends only to the liability section of the policy regardless of state policy on coverage for household members. We agree with State Farm.

The liability section of the policy contains the following provision:

*Motor Vehicle Compulsory Insurance Law or Financial Responsibility Law*

1. Out-of-State Coverage

   If an insured under the liability coverage is in another State or Canada and, as a non-resident, becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:

a. the policy will be interpreted to give the coverage required by the law; and

b. the coverage so given replaces any coverage in this policy to the extent required by the law for the insured's operation, maintenance, or use of a car insured under this policy.

■ The Hernandezes attempt to apply this clause to the uninsured/underinsured motorist section because the New Mexico supreme court has held that household exclusion provisions for uninsured/underinsured motorist coverage are contrary to public policy. *See Padilla v. Dairyland Insurance Co.,* 109 N.M. 555, 787 P.2d 835 (1990). Colorado law, on the other hand, authorizes household exclusion clauses. *See Allstate Insurance Co. v. Feghali,* 814 P.2d 863 (Colo.1991); *Terranova v. State Farm Mutual Automobile Insurance Co.,* 800 P.2d 58 (Colo.1990).

■ Generally, insurance is a contract and is construed according to the law for the construction of contracts. *Urtado v. Allstate Insurance Co.,* 187 Colo. 24, 528 P.2d 222 (1974). When interpreting the language of an insurance policy, it is the duty of the court to examine the contract as a whole, *Mid-Century Insurance Co. v. Liljestrand,* 620 P.2d 1064 (Colo.1980), and the determination of whether an ambiguity exists is a question of law for the court. *Farmers Insurance Co. v. Plunkett,* 687 P.2d 470 (Colo.App.1984). If a limitation or exclusion in the policy is unambiguous, the limitation or exclusion must be enforced. *Urtado v. Allstate Insurance Co., supra.*

The Hernandezes argue that the policy language is ambiguous because it is unclear whether the language in the out-of-state coverage clause extends to the remainder of the policy. We disagree.

The insurance policy provides general definitions, declarations, when and where coverage applies, particular requirements for financed vehicles, and the insured's duties for reporting a claim as general provisions at the beginning of the policy. The policy is then divided into sections. Each section states that the insured has a particular type of coverage if a certain letter appears on the declarations page. For example, the policy lists an "A" in its declaration section, which means that the insured had liability coverage. The content of the policy is determined by the coverage sections the insured has chosen. Thus, each section is, in effect, a policy within a policy.

The general provisions of the policy state that it will be in effect throughout the United States and Canada. By contrast, the out-of-state coverage clause appears only in the liability section and specifically states that: "[I]f an insured under the liability coverage is in another state ... and becomes subject to its motor vehicle compulsory insurance, financial responsibility, or similar law ... the coverage so given replaces any coverage in this policy to the extent required by the law...." By using the phrase "under the liability coverage" the policy limits the out-of-state coverage clause to the liability section of the policy.

New Mexico law, like Colorado law, requires a minimum of $25,000 liability coverage. The limited exception to the household exclusion under an amendment to the policy required State Farm to provide each daughter with $25,000 liability coverage. Thus, the trial court concluded that under the out-of-state coverage clause and the amendment, there was $25,000 liability coverage available to each child.

Also, the out-of-state coverage clause requires that when the insured is in another state, the insured becomes "subject to its motor vehicle compulsory insurance, financial responsibility, or similar law." We are not persuaded that this requirement encompasses uninsured/underinsured motorist coverage under New Mexico's financial responsibility law.

The purpose of this requirement is to ensure that another state's compulsory liability minimum is met when the vehicle is in that state. Both Colorado and New Mexico require uninsured/underinsured motorist coverage to be offered to insureds in an initial policy; however, both states permit the insured to reject this coverage. *See* § 10-4-609, C.R.S. (1993 Repl.Vol. 4A) and N.M.Stat.Ann. § 66-5-301 (1978) as amended.

The organization and language of the policy are clear and unambiguous. The trial court properly determined the intent of the parties regarding the meaning of the contract language by analyzing the language of the contract itself. *Jennings v. Brotherhood Accident Co.*, 44 Colo. 68, 96 P. 982 (1908). It found that the limited household exclusion was valid under Colorado law and must be enforced. *Allstate Insurance Co. v. Feghali, supra.* It implicitly concluded that a broad interpretation of "any coverage" in the out-of-state coverage clause would be unreasonable. Thus, the trial court properly applied New Mexico law under the liability section of the policy and properly refused to extend application of New Mexico law to the uninsured/underinsured motorist section via the out-of-state coverage clause.

Judgment affirmed.

TURSI and NEY, JJ., concur.