25CA1754 Peo in Interest of EG 03-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1754
Boulder County District Court No. 23JV30177
Honorable J. Keith Collins, Judge

The People of the State of Colorado,

Appellee,

In the Interest of El.G. and Es.G., Children,

and Concerning G.G.,

Appellant,

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE SCHUTZ
Freyre and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

Ben Pearlman, County Attorney, Cheryl Koh-Sicotte, Assistant County
Attorney, Boulder, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for
Appellant

¶ 1     In this dependency or neglect proceeding, G.G. (father) appeals the juvenile court's judgment denying his motion to continue the termination hearing, at which the court ultimately terminated his parent-child legal relationship with E.G and a second child with the same initials (the children). We affirm.

## I.    Background

¶ 2     The Boulder County Department of Housing and Human Services (Department) filed a petition in dependency or neglect after receiving information that father and the children's mother had domestic violence and substance use issues and had been incarcerated.[1] The juvenile court placed the children — who were then three and four years old — first with paternal grandparents and then with maternal grandmother. Father, who at the time was sentenced to a work release program, admitted the petition, stipulating that the children's environment was injurious. A magistrate adjudicated the children dependent or neglected with regard to father and adopted a treatment plan for him.

---

[1] Mother is a not a party to this appeal.

¶ 3     Father's treatment plan required him to (1) participate in substance use disorder and/or mental health treatment; (2) comply with random substance use monitoring; (3) obtain and maintain safe and stable housing for himself and the children; (4) complete the requirements of his work release program; (5) obtain stable employment or community resources to meet his family's basic needs; (6) attend family time with the children; and (7) maintain a working relationship with case professionals.

¶ 4     Seventeen months after the court adopted the treatment plan, the Department filed a motion to terminate father's parental rights. Father did not appear at the termination hearing. At the beginning of the hearing, father's counsel requested a continuance. Father's counsel said that father did not have notice of the hearing. The Department objected to any continuance, and the court denied the request. After receiving evidence, the court terminated father's parental rights.

## II.     Father's Requested Continuance

¶ 5     Father contends that the juvenile court violated his right to procedural due process by denying his motion to continue the termination hearing. We disagree.

## A. Applicable Law and Standard of Review

¶ 6 In general, parents have a constitutionally protected liberty interest in the care, custody, and management of their children. *People in Interest of A.M. v. T.M.*, 2021 CO 14, ¶ 17. Due process requires that the state provide fundamentally fair procedures in dependency or neglect proceedings. *People in Interest of J.R.M.*, 2023 COA 81, ¶ 7. At a minimum, a parent must be given adequate notice of the proceedings and an opportunity to protect their rights. *People in Interest of J.A.S.*, 160 P.3d 257, 262 (Colo. App. 2007). To establish a due process violation based on the denial of a motion for continuance, a parent must establish "actual prejudice resulting from the juvenile court's denial of [the] requested continuance." *People in Interest of E.B.*, 2022 CO 55, ¶ 22.

¶ 7 The Colorado Children's Code directs courts to "proceed with all possible speed to a legal determination that will serve the best interests of the child." § 19-1-102(1)(c), C.R.S. 2025. Thus, when ruling on a motion to continue, the juvenile court "should balance the need for orderly and expeditious administration of justice against the facts underlying the motion and the child's need for

3

permanency." *People in Interest of R.J.B.*, 2021 COA 4, ¶ 11. When a child is less than six years old when the petition is filed, the expedited permanency planning (EPP) provisions apply. *Id.* at ¶ 12. In such cases, the juvenile court shall hold a termination hearing within 120 days after the termination motion is filed and "shall not grant a delay unless good cause is shown and unless the court finds that the best interests of the child will be served by granting a delay." § 19-3-602(1), C.R.S. 2025.

¶ 8 We review a juvenile court's denial of a motion to continue for an abuse of discretion. *R.J.B.*, ¶ 13. A court abuses its discretion "when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies or misconstrues the law." *E.B.*, ¶ 14. We review a procedural due process claim de novo. *R.J.B.*, ¶ 26.

## B. Analysis

¶ 9 For the reasons discussed below, the juvenile court did not abuse its discretion in denying father's request for a continuance. And father's due process rights were not violated.

¶ 10 First, the record reflects that the court balanced the need for "orderly and expeditious administration of justice" against the facts of the case and the children's need for permanency. *R.J.B.*, ¶ 11.

4

The termination hearing was held ninety-nine days after the motion to terminate was filed. And this EPP case had been open for almost two years. The court found that, "given the age of the children and the [amount of time that] this case has been pending, . . . it is in the best interest of the children to proceed today."

¶ 11 Second, the record indicates that father had notice of the termination hearing. Shortly after his appointment, father's court-appointed counsel visited him in jail and, together, they "went through the advisement" and father's admission to the dependency or neglect petition. The written admission included an advisement that "[t]ermination of the parent-child legal relationship[] is a possible remedy[,] which is available to the court." But counsel lost contact with father for the last eight months of the proceeding. At the termination hearing, however, the caseworker told the court that she had informed father, personally, of the date of the termination at their last contact only one and a half months before the hearing.

¶ 12 But even if father did not receive notice of the termination hearing, there is no question that his counsel, who appeared at the hearing, received the notice. That is all that is required. *See People*

*in Interest of J.E.B.*, 854 P.2d 1372, 1375 (Colo. App. 1993) ("There is no requirement in statute or case law requiring service of notice of the termination hearing upon both counsel and a client.").

¶ 13    And third, father has not shown that he was prejudiced by the denial of his request for a continuance. *E.B.*, ¶ 15. The court found, with record support, that (1) father had not engaged in any aspect of his treatment plan; (2) his visits with the children had been inconsistent; (3) he did not have housing; and (4) he remained an unfit parent. Father does not identify any way in which his presence at the hearing would have changed these findings or the juvenile court's assessment of the termination criteria in section 19-3-604(1)(c), C.R.S. 2025. *Id.* at ¶ 22. Thus, he has failed to establish prejudice resulting from the denial. *See E.B.*, ¶ 20 (Finding no due process violation because "[f]ather has failed to show how his presence at the hearing could have changed the juvenile court's determination that the four criteria for termination under section 19-3-604 were met.").

## III.    Disposition

¶ 14    The judgment is affirmed.

JUDGE FREYRE and JUDGE BROWN concur.

6